UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SLATTERY,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No.  2:20-cv-0058 WBS DB PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

This social security action was submitted without oral argument for ruling on defendant's motion for summary judgment.[2]  Defendant's motion argues that this action is time barred and subject to res judicata.  For the reasons stated below, the undersigned recommends that defendant's motion for summary judgment be granted and this action be closed.

**PROCEDURAL BACKGROUND**

In February of 2008, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] On April 28, 2022, this matter was referred to the undersigned.  (ECF No. 24.)

1    ("SSI") under Title XVI of the Act alleging disability beginning on December 31, 2005.

2    (Transcript ("Tr.") at 111.)  An administrative hearing was held and on March 16, 2010, and an

3    Administrative Law Judge found that plaintiff was not disabled.  (Id. at 120.)

4       In December of 2010, plaintiff again filed applications for DIB and SSI alleging disability

5    beginning on March 17, 2010.  (Id. at 262-77.)  On October 25, 2012, an ALJ again found that

6    plaintiff was not disabled.  (Id. at 177.)  However, on May 13, 2014, the Appeals Council vacated

7    the ALJ's October 25, 2012 decision.  (Id. at 185.)

8       A new administrative hearing was held on November 17, 2014.  (Id. at 61.)  Plaintiff was

9    represented by counsel and testified at the administrative hearing.  (Id. at 61-66.)  At that hearing

10   plaintiff's counsel requested to amend the alleged disability onset date to November 1, 2012 and

11   to withdraw plaintiff's application for DIB.  (Id. at 63-64.)  The ALJ granted those requests.  (Id.

12   at 64.)  On February 27, 2015, the ALJ issued a fully favorable decision, granting plaintiff's

13   December 2010 application for SSI benefits and finding plaintiff disabled as of November 1,

14   2012.  (Id. at 1, 12.)

15      In October of 2018, plaintiff filed another application for DIB, this time alleging disability

16   beginning on January 1, 2007.  (Def.'s Ex. 12 (ECF No. 26-1) at 120.[3])  On October 29, 2018,

17   plaintiff's application was denied initially.  (Def.'s Ex. 13 (ECF No. 26-1) at 124.)  And on

18   December 15, 2018, plaintiff's request for reconsideration was denied.  (Def.'s Ex. 14 (ECF No.

19   26-1) at 128.)

20      Thereafter, plaintiff requested a hearing, and that request was denied on August 19, 2019.

21   (Def.'s Ex. 15 (ECF No. 26-1) at 132-38.)  On December 26, 2019, the Appeals Council denied

22   plaintiff's request for review of the ALJ's August 19, 2019 decision.  (Def.'s Ex. 17 (ECF No.

23   26-1) at 140-41.)

24      Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in

25   this action on January 8, 2020.  (ECF. No. 1.)  Defendant filed an answer on March 11, 2022.

26   ////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(ECF No. 14.) On May 12, 2022, defendant filed a motion for summary judgment. (ECF No. 26.) On June 2, 2022, plaintiff filed an opposition.[4] (ECF No. 27.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

## APPLICATION

Here, plaintiff's complaint challenges the ALJ's dismissal of plaintiff's September 2018 application for DIB. (Compl. (ECF No. 1) at 4.) The complaint argues that "the Commissioner used medical records that were inaccurate and insufficient to determine my date of disability." (Id. at 4.) As noted above, however, the Commissioner determined plaintiff's date of disability in a decision issued on February 27, 2015. (Tr. at 1.) The February 27, 2015 decision advised plaintiff that plaintiff had a right to appeal the decision, but that plaintiff "must file your written appeal **within 60 days** of the date you get this notice." (Id. at 1-2) (emphasis in original).

Here, it is undisputed that plaintiff did not file an appeal—within 60 days or otherwise—challenging the February 27, 2015 decision. Instead, plaintiff filed a new claim for benefits over three years after the ALJ's February 27, 2015 decision, alleging disability as of January 1, 2007.

---

[4] On November 14, 2022, plaintiff filed a request for status. (ECF No. 28.) These findings and recommendations provide plaintiff an update and that request, therefore, will be granted.

42 U.S.C. § 405(g) permits a plaintiff to "obtain a review of [the Commissioner's] decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]"  "The 60–day period is not jurisdictional, but instead constitutes a statute of limitations." Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).  A plaintiff who fails to timely challenge the Commissioner's decision "will lose [the] right to . . . judicial review, unless you can show us that there was good cause for your failure to make a timely request for review." 20 C.F.R. § 404.900.  However, "[o]nly in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations."  Burke v. Berryhill, 706 Fed. Appx. 381, 382 (9th Cir. 2017).

Here, the 60-day statute of limitations has long since run and plaintiff offers no basis for equitable tolling.  Instead, plaintiff opposes defendant's motion by arguing that the ALJ did "not clearly explain[] the difference between SSI benefits . . . and SSDI benefits at my hearing with him on November 17, 2014." (Pl.'s Opp.'n (ECF No. 27) at 1.)  The transcript from the November 17, 2014 hearing, however, belies plaintiff's argument.

In this regard, at the November 17, 2014 hearing plaintiff's counsel stated a "concern" related to the date of plaintiff's alleged disability and went off the record due to a "need to explain that to [plaintiff]." (Tr. at 63-64.)  Thereafter, the matter went "back on the record [after] giving Counsel and Mr. Slattery an opportunity to consult[.]" (Id. at 64.)  Plaintiff's counsel then requested to withdraw plaintiff's claim for DIB and to amend the alleged onset date of plaintiff's disability to November 1, 2012.  (Id.)  And the ALJ granted those requests.  (Id.)

In short, in February of 2008 plaintiff filed applications for DIB and SSI alleging disability as of December 31, 2005.  Those applications were denied and the decision became final.  In December of 2010, plaintiff again filed applications for SSI and DIB alleging disability as of March 17, 2010.  Plaintiff later, acting through counsel, requested to withdraw the claim for DIB and to amend the alleged disability onset date to November 1, 2012.  An ALJ subsequently issued plaintiff a fully favorable decision finding plaintiff disabled as of November 1, 2012. Plaintiff was advised of that decision and never appealed.  Instead, over three years later plaintiff filed another claim for DIB alleging disability as of January 1, 2007.  As the result of plaintiff's

4

1  prior applications and the subsequent ALJ decision, however, the issue of the date of plaintiff's
2  onset of disability, had long been decided.
3      "The principal of res judicata applies to findings and decisions on the merits which
4  become final as a result of a claimant's failure to seek administrative review after notice of an
5  adverse decision." Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985).  "When a claimant is
6  denied benefits under the Social Security Act and files a subsequent application, the denial
7  precludes the claimant from arguing that he was disabled during the period covered by decision."
8  Valencia v. Astrue, No. 1:11-cv-1970 JLT, 2012 WL 6628899, at *7 (E.D. Cal. Dec. 19, 2012).
9  "Once a decision becomes administratively final, the Secretary's decision to reopen a claim is
10 purely discretionary." Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir. 1982).
11     Here, in response to plaintiff's September 5, 2018 application the ALJ issued a decision
12 on August 19, 2019.  That decision declined "to reopen the prior adjudications," and found that
13 there was "no unadjudicated period in which to consider the claimant's current application."
14 (Def.'s Ex. 15 (ECF No. 26-1) at 138.)  Plaintiff has failed to present any basis to support judicial
15 review of that decision.  See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990) ("The
16 Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and,
17 therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)."); Krumpelman v. Heckler,
18 767 F.2d 586, 588 (9th Cir. 1985) ("District courts . . . have no jurisdiction to review a refusal to
19 re-open a claim for disability benefits or a determination that such a claim is res judicata.").
20 **CONCLUSION**
21     Accordingly, IT IS HEREBY ORDERED that plaintiff's November 14, 2022 request for
22 status (ECF No. 28) is granted.
23     Also, IT IS HEREBY RECOMMENDED that:
24     1. Defendant's motion for summary judgment (ECF No. 26) be granted;
25     2. The Commissioner's decision be affirmed; and
26     3. The Clerk of the Court be ordered to enter judgment for defendant and close this case.
27     These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\slattery0058.f&rs